**JED AUTO SALES, INC. et al,
Plaintiffs-Appellants,**

v.

**TWO STAR, INC. et al,
Defendants-Respondents.**

No. 42062.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 13, 1981.

Mark E. Goodman, St. Louis, for plaintiffs-appellants.

Arthur Friedman, St. Louis, for defendants-respondents.

CRIST, Presiding Judge.

Suit was brought by Jed Auto Sales, Inc. and its shareholders and officers (hereinafter "plaintiff") against Two Star, Inc. and its shareholders and officers (hereinafter "defendants") to enjoin the use by defendants of the trade names "Cadillacs by Jed" and "Jed Cadillacs." Plaintiffs appeal from judgment by the trial court in favor of defendants. We affirm.

Jed Auto Sales, Inc., incorporated in 1965, operated as a used car dealership from that date to approximately February of 1976. During this period plaintiffs used the business names "Jed Cadillacs" and "Cadillacs by Jed", although the extent of this use is disputed. The letters J–E–D in the corporate name are the initials of plaintiff Joseph E. Dellerman, the secretary-treasurer and chief operating officer of Jed Auto Sales, Inc.

On February 26, 1976, plaintiffs entered into a written, joint venture agreement with defendants. This agreement permitted defendants to operate a used car dealership at the Lindbergh location previously used by Jed Auto Sales, Inc. as the location of their dealership. The agreement provided in part:

> JED will also permit the sale and exclusive use by the joint venture of JED Auto Sales, Inc., JED Cadillacs, Cadillacs by Jed, and any and all similar names for the duration of this joint venture.

After entering into this agreement, Jed Auto Sales, Inc. continued to operate its limousine service at the same Lindbergh location where defendants operated their used car business. Jed Auto Sales, Inc. was not in the used car business at any time subsequent to February 26, 1976. It, instead, engaged exclusively in the limousine and record business.

In lieu of the "joint venture agreement," the parties, on November 8, 1976, entered into a "dissolution and buy out agreement." This latter agreement provided in part:

> First Parties [plaintiffs] hereby sell to Second Parties [defendants] and Second Parties [defendants] hereby purchase from First Parties [plaintiffs] all of First Parties' [plaintiffs] right, title, and interest in the said joint venture, together with the sole and exclusive rights to the use, until April 19, of the names Jed Cadillacs and Cadillacs by Jed, and any and all similar names, . . .

One day later, on November 9, 1976 the dissolution and buy out agreement was amended in writing, in part, as follows:

> First Parties [plaintiffs] may continue to use the names Jed Limousines, Limousines by Jed, Jed Rentals, and any and all similar names. Second Parties [defendants] may continue to use the names Jed Cadillacs, Cadillacs by Jed, Jed Auto Sales, and any and all similar names.

The question presented for resolution on this appeal is whether or not the November 9, 1976 amendment gave defendants the unfettered right to use the trade names "Jed Cadillacs, Cadillacs by Jed, Jed Auto Sales and any and all similar names" after April, 1979. Our standard of review in this court-tried case is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

We must sustain the judgment of the trial court "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law or unless it erroneously applies the law." *Id.*

The trial court found for defendants and, upon review, we find no compelling reason to disagree. The parties agree that the November 9, 1976 amendment was for good and valid consideration, but plaintiffs argue that the trial court misconstrued it and the November 8, 1976 agreement. We conclude the trial court reasonably found the proper construction of the two writings was to make the trade names the property of defendants.

In *Kalen v. Steele*, 341 S.W.2d 343, 346–47 (Mo.App.1960) the rule relating to construction of contracts was summarized as follows:

> The cardinal rule in the interpretation of a contract is to ascertain the intention of the parties and to give effect to that intention. Where there is no ambiguity in the contract the intention of the parties is to be gathered from it and it alone, and it becomes the duty of the court and not the jury to state its clear meaning.... It is only where the contract is ambiguous and not clear that resort to extrinsic evidence is proper to resolve the ambiguity.
>
> A contract is not rendered ambiguous by the fact that the parties do not agree upon the proper construction to be given it. A contract is ambiguous only when it is reasonably susceptible of different constructions. In determining whether or not there is such an ambiguity as calls for construction, the whole instrument must be considered. Writings made a part of the contract by annexation or reference are to be considered in determining whether or not it is ambiguous.
>
> Presumptively, the intent of the parties to a contract is expressed by the natural and ordinary meaning of the language referable to it. Even seeming contradictions must be harmonized away if that be reasonably possible. (citations omitted).

By their November 8, 1976 agreement, the parties agreed that defendants' use of the names "Jed Cadillacs" and "Cadillacs by Jed" would terminate on April 19, 1979. The November 9, 1976 amendment provided that defendants "may continue" to use such names. Any ambiguity in these provisions was resolved by the introduction of evidence showing:

(1) From September of 1975, plaintiffs intended to, and did, phase out their used car business so that by February of 1976 they were totally occupied in the limousine and record business using the names "Jed Limousines," "Limousines by Jed" and "Jed Rentals."

(2) From February of 1976 defendants used the names in question, spending large sums of money in advertising their used car business under such names.

(3) Plaintiffs did not register the names "Cadillacs by Jed" and "Jed Cadillacs" with the Missouri Secretary of State's Office. "Cadillacs by Jed" was so registered by defendants.

This extrinsic evidence, admitted without objection, reflects an intention by the parties that the November 9, 1976 amendment gave defendants the right to use the trade names "Jed Cadillacs, Cadillacs by Jed and any and all similar names." Plaintiffs presented no evidence evincing a contrary intention. The trial court properly resolved the construction issue giving defendants the right to use, without limitation, these names.

Judgment affirmed.

REINHARD and SNYDER, JJ., concur.